UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOSEPH SPRUILL

                        Plaintiff,

-against-                                      5:25-cv-630 (LEK/TWD)

CORTLAND PLASTIC INTERNATIONAL,

                        Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      This matter comes before the Court following a Report-Recommendation filed on July 31, 2025, by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Dkt. No. 6 ("Report and Recommendation"). For the reasons given below, this Court approves and adopts the Report and Recommendation in its entirety.

**II. BACKGROUND**

      Plaintiff Joseph Spruill files suit under Title VII of the Civil Rights Act of 1964 against Cortland Plastic International, for what the Plaintiff alleges was a sham investigation, retaliation, and termination of Plaintiff's employment. Dkt No. 1 at 2–3. Plaintiff alleges "[i]n retaliation of taking Mr.Hartley [sic] to H.R [sic] [Mr. Hartley] was ordering my coworkers to skip my breaks as well as my lunch breaks." *Id.* at 3.

      Though not elaborated in the facts statement, Plaintiff checked a box in the complaint alleging "termination of employment," and also checked a box alleging that "Defendant's conduct [was] discriminatory with respect to . . . race or color." *Id.* at 2.

      Magistrate Judge Dancks recommended dismissing the complaint, noting the inadequacy of pleading, such as the lack of specific facts, the lack of any connection between Defendant's

actions and Plaintiff's race, and Plaintiff's failure to "include the date of his termination and . . . attach a copy of the EEOC's Notice-of Right-to-Sue letter. R. & R. at 6–7.

## III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). "When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review." *Schisler v. James Cars of Rome, LLC*, No. 616CV1382GTSTWD, 2016 WL 7409003, at *1 (N.D.N.Y. Dec. 22, 2016). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)). "However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." *Shenko v. Yorkville Vill.*, No. 621-CV-17, 2021 WL 5321952, at *1 (N.D.N.Y. Nov. 16, 2021). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Federal Bureau of Prisons*, 368 F.Supp.3d 741, 744 (S.D.N.Y. 2019).

## IV. DISCUSSION

Plaintiff objected to the Report and Recommendation. Dkt. No. 8 at 1 ("Objections"). Plaintiff's objection was not specific, however. *See id.* Plaintiff merely stated additional facts which were immaterial to the issues discussed in the Report and Recommendation. *See id.* The

objection did not refer to any specific portion of the Report and Recommendation which the Plaintiff believes to be erroneous. *See id.* Simply put, the objection does not explain why the Report and Recommendation is wrong to reach the conclusion that Plaintiff's complaint should be dismissed. Therefore, the Court reviews the Report-Recommendation for clear error.

After carefully examining the record, the Court has determined that the Report-Recommendation evinces no clear error or manifest injustice. Plaintiff's complaint will thus be dismissed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation, Dkt. No. 6, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's complaint is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 10, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge